UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JANE DOE,                                                 :
                                                          :
                Plaintiff,                    :
                                                          :
  v.                                                      :
                                                          :
TAL ALEXANDER and                                         :
ALON ALEXANDER,                                           :
                                                          :
                Defendants.                   :
----------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY PURSUANT TO FRCP RULE 10(A)

**WIGDOR LLP**

David E. Gottlieb
Brooke Payton

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dgottlieb@wigdorlaw.com
bpayton@wigdorlaw.com

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 3

I.     APPLICABLE LEGAL STANDARDS ....................................................................... 3

        A.     Factor 1: This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature ................................................................................... 3

        B.     Factors 2 and 3: Identification Poses a Risk of Retaliatory Mental Harm Both to Plaintiff and to Innocent Non-Parties .......................................... 4

        C.     Factor 6: Defendants are not Prejudiced by Allowing Plaintiff to Proceed Anonymously ............................................................................................ 5

        D.     Factor 7: Plaintiff Has Kept Her Identity Confidential ............................ 7

        E.     Factors 8 & 9: The Public Will Not Be Prejudiced if Plaintiff Proceeds Anonymously ............................................................................................ 7

CONCLUSION .......................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

Doe 140 v. Archdiocese of Portland in Or.,
   249 F.R.D. 358 (D. Or. 2008) ................................................................................................. 4

Doe #1 v. Syracuse Univ.,
   No. 18 Civ. 0496 (FJS)(DEP), 2018 WL 7079489 (N.D.N.Y. Sept. 10, 2018) ......................... 5

Doe v. Blue Cross & Blue Shield United of Wis.,
   112 F.3d 869 (7th Cir. 1997) ..................................................................................................... 3

Doe v. Cabrera,
   307 F.R.D. 1 (D.D.C. 2014) ...................................................................................................... 4

Doe v. Colgate,
   No. 15 Civ. 1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) ......................................... 6, 7

Doe v. Diocese Corp.,
   647 A.2d 1067 (Conn. 1994) .................................................................................................... 5

Doe v. Evans,
   202 F.R.D. 173 (E.D. Pa. 2001) ................................................................................................ 3

Doe v. Smith,
   105 F. Supp. 2d 40 (E.D.N.Y. 1999) ..................................................................................... 3, 4

Doe v. Smith,
   189 F.R.D. 239 (E.D.N.Y. 1998) .............................................................................................. 1

Doe v. Stegall,
   653 F.2d 180 (5th Cir. 1981) ................................................................................................. 6, 7

EW v. N.Y. Blood Center,
   213 F.R.D. 108 (E.D.N.Y. 2003) .............................................................................................. 1

Jane Roes 1-2 v. SFBSC Mgmt., LLC,
   77 F. Supp. 3d 990 (N.D. Cal. 2015) ........................................................................................ 5

Roe v. Borup,
  500 F. Supp. 127 (E.D. Wis. 1980) .................................................................................... 5

Sealed Plaintiff v. Sealed Defendant,
  537 F.3d 185 (2d Cir. 2008) ............................................................................................ 1, 2

**Rules**

Federal Rule of Civil Procedure ("FRCP") 10(a) ............................................................................. 1

Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe"), by and through her undersigned counsel Wigdor LLP, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously pursuant to Federal Rule of Civil Procedure ("FRCP") 10(a). A proposed order is attached to the Declaration of David E. Gottlieb ("Gottlieb Decl.") as Exhibit A.

## PRELIMINARY STATEMENT

Plaintiff is a rape survivor who seeks to use a pseudonym in this litigation to protect her own and her family's mental health, safety and well-being. Defendants, who have already been informed of Plaintiff's identity, are public figures with numerous allegation shaving already been asserted against them for sexual abuse in both the criminal and civil contexts – as such, they will suffer no prejudice from Plaintiff being granted pseudonym status. Pursuant to the factors in Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008), Ms. Doe requests that she be permitted to proceed anonymously pursuant to FRCP 10(a).

## ARGUMENT

### I.    APPLICABLE LEGAL STANDARDS

It is well-settled that it is within the sound discretion of the court to allow a plaintiff to proceed anonymously in judicial proceedings. See e.g., EW v. N.Y. Blood Center, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); Doe v. Smith, 189 F.R.D. 239, 242 (E.D.N.Y. 1998), *vacated on rehearing and modified on other grounds,* 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999). A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. Sealed Plaintiff, 537 F.3d at 189 (internal quotation marks and citation omitted) (alteration adopted).

When deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest

in disclosure and any prejudice to the defendants. Id. at 189–90. In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;

3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendants are prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. (internal quotation marks, citations, and alterations omitted). A district court is not required to list each of the factors or use any particular formula as long as the court balances the interests at stake in reaching its conclusion. Id. at 191 n.4. When balancing these interests, these factors favor granting Plaintiff's request to proceed anonymously in this action.

2

A.  **Factor 1: This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature**

Ms. Doe has alleged that she was vaginally raped by Defendants after she was plied with alcoholic beverages that may have contained date rape drugs. Clearly, these allegations are very sensitive, traumatic, and personal to Ms. Doe. "The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." Doe v. Evans, 202 F.R.D. 173, 179 (E.D. Pa. 2001). Courts generally grant anonymity to plaintiffs who have experienced similar types of sexual violence as Ms. Doe. See Doe v. Smith, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (allowing victim of sexual abuse to proceed anonymously); see also Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869 (7th Cir. 1997) (recognizing rape victims as entitled to anonymity).

Further, Defendants Tal and Alon Alexander are well-known, prominent and successful real estate brokers for ultra-wealthy clients.[1] They used their clients' notoriety to build their own public personas and expand their businesses even further.[2] The brothers, along with Oren Alexander, were already public figures before summer 2024, when allegations that the brothers trafficked, drugged and raped multiple women—sometimes together and sometimes on their own—made national media headlines.[3] The three brothers were arrested on December 11, 2024 and are facing federal sex trafficking charges.[4] At the time of their arrest, the U.S. Attorney's Office for the Southern District of New York stated that there were "dozens of female victims."[5]

---

[1] See https://www.nytimes.com/2022/11/12/nyregion/tal-oren-alexander-official.html.
[2] Id.
[3] See https://www.nytimes.com/2024/07/24/realestate/tal-oren-alexander-sexual-assault.html.
[4] See https://www.justice.gov/usao-sdny/pr/alon-alexander-oren-alexander-and-tal-alexander-charged-manhattan-federal-court-sex.
[5] Id.

Due to the notoriety of Defendants, it is even more critical that Ms. Doe's identity remain anonymous. In Trooper 1 v. N.Y. State Police, the court held:

> Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high-profile nature of the case, having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identity, which weighs in favor of permitting Plaintiff to continue anonymously.

No. 22 Civ. 00893 (LDH) (TAM), 2022 WL 22869548, at *4 (June 9, 2022) (citations and quotations omitted). There are undoubtedly more victims of the Alexander brothers out there, and the Court should allow Ms. Doe to proceed anonymously to protect herself and allow others to feel comfortable coming forward themselves. It is clear that Ms. Doe's allegations are of a highly sensitive and personal nature.

    **B.    Factors 2 and 3: Identification Poses a Risk of Retaliatory Mental Harm Both to Plaintiff and to Innocent Non-Parties**

Ms. Doe's identification poses a risk of mental harm. Ms. Doe's experiences at the hands of Defendants, which as described in the Complaint are deeply traumatic, have caused her extreme anguish and severe emotional distress. See Doe 140 v. Archdiocese of Portland in Or., 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"); see also Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."). Under circumstances in which disclosure of a party's identity could cause further injury, anonymity is routinely permitted. See Doe v. Smith, 105 F. Supp. 2d at 44 (holding that sexual abuse victim

4

may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); Doe v. Diocese Corp., 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); Roe v. Borup, 500 F. Supp. 127 (E.D. Wis. 1980).

For years, Ms. Doe has sought mental health counselling and has been diagnosed with post-traumatic stress disorder due to sexual trauma. It would be disastrous for Ms. Doe, who now lives in a small town with her minor child, to have these sensitive and horrific experiences play out in a public forum, and it would spark still more trauma for Ms. Doe. See Jane Roes 1-2 v. SFBSC Mgmt., LLC, 77 F. Supp. 3d 990, 997 (N.D. Cal. 2015) (finding that "the plaintiffs' interest in safeguarding their personal well-being outweighs the public's interest in knowing the plaintiffs' identities."). Therefore, Ms. Doe's mental well-being will be put at risk by being forced to disclose her identity to the public.

### C.  Factor 6: Defendants are not Prejudiced by Allowing Plaintiff to Proceed Anonymously

Additionally, Defendant Tal Alexander already know the true identity of Plaintiff.[6] As such, "Defendants would not be prejudiced by an anonymous proceeding because Defendants knows specifically who filed this lawsuit." Doe #1 v. Syracuse Univ., No. 18 Civ. 0496 (FJS)(DEP), 2018 WL 7079489, at *7 (N.D.N.Y. Sept. 10, 2018), report and recommendation adopted, No. 18 Civ. 496 (BKS)(ML), 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020) (finding that where the defendants already knew the identity of the plaintiffs, they would not be prejudiced by

---

[6] As set forth in the Gottlieb Decl., Ms. Doe's counsel has already disclosed Ms. Doe's identity to Tal Alexander's counsel. Ms. Doe's counsel has also attempted to disclose Ms. Doe's identity to Alon Alexander's counsel, but his counsel in other matters has been unable to confirm that they will be representing him in this matter, and for that reason no such disclosure has been possible to Alon Alexander or his counsel. Ms. Doe is amenable to making such disclosure under the appropriate circumstances once Alon Alexander appears in this action.

5

an anonymous proceeding); see also Doe v. Colgate, No. 15 Civ. 1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("Defendants are aware of [p]laintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether [p]laintiff's identity is disclosed publicly.").

Further, Defendants have already been arrested for similar conduct which Plaintiff alleges in her Complaint, and Defendants already have the same or similar allegations made by multiple women in multiple different civil lawsuits from jurisdictions all over the country. Law enforcement officials have spoken to "dozens of female victims," very few of which have come out to publicly name themselves.[7] "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981). Thus, Ms. Doe's filing and pursuit of her civil claims under a pseudonym will not create any meaningful change to their circumstances or reputation.

Furthermore, Ms. Doe is one of many plaintiffs who have asserted similar claims against the Alexander brothers using a pseudonym for largely the same reasons. See e.g. Jane Doe v. Tal Alexander, 152102/2025 (N.Y. Sup. Ct. N.Y. Cty.); Jane Doe v. Tal Alexander, 152101/2025 (N.Y. Sup. Ct. N.Y. Cty.); Jane Doe v. Tal Alexander, 152100/2025 (N.Y. Sup. Ct. N.Y. Cty.); Jane Doe v. Tal Alexander and Oren Alexander, 152099/2025 (N.Y. Sup. Ct. N.Y. Cty.); Jane Doe v. Oren Alexander, 152098/2025 (N.Y. Sup. Ct. N.Y. Cty.); Jane Doe v. Tal Alexander, 152097/2025 (N.Y. Sup. Ct. N.Y. Cty.); Jane Doe v. Alon Alexander, 152096/2025 (N.Y. Sup. Ct. N.Y. Cty.); Jane Doe v. Oren Alexander, 152095/2025 (N.Y. Sup. Ct. N.Y. Cty.); Jane Doe v. Tal Alexander and Oren Alexander, 152094/2025 (N.Y. Sup. Ct. N.Y. Cty.); Jane Doe v. Oren Alexander, 152093/2025 (N.Y. Sup. Ct. N.Y. Cty.).

---

[7]   See https://www.justice.gov/usao-sdny/pr/alon-alexander-oren-alexander-and-tal-alexander-charged-manhattan-federal-court-sex.

D.     **Factor 7: Plaintiff Has Kept Her Identity Confidential**

Further, Plaintiff has taken steps to keep her identity confidential. Other than through the filing of her civil claims, Ms. Doe has kept the details and her identity with respect to this matter confidential. She has not publicly spoken and/or to the media about her experiences with Defendants, though there has been ample opportunity with the news frenzy surrounding Defendants' recent arrests. Ms. Doe plans to continue to maintain confidentiality surrounding this matter.

E.     **Factors 8 & 9: The Public Will Not Be Prejudiced if Plaintiff Proceeds Anonymously**

In this case, the sensitive and personal nature of Plaintiff's allegations of rape and the likelihood of further psychological injury overcomes any presumption of openness. "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981). In Ms. Doe's case, the public is already well aware that there are countless other women with allegations of sexual assault against Defendants. Knowing the exact names of these female victims is not necessary to complete the public's knowledge of the allegations in either the civil or criminal case against the Alexander brothers.

Ms. Doe is not a public figure, and her identity would not change public perception or add any new context to her allegations. She is unfortunately yet another victim of Defendants' horrific and violent acts throughout decades. It is clear there are still more victims of the Alexander brothers who have not yet spoken out, and by granting anonymity to Ms. Doe, perhaps more women will feel that they are able to come forward. See, e.g., Doe v. Colgate Univ., No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his

7

identity would have on future plaintiffs facing similar situations." Thus, the public will not be prejudiced if Plaintiff proceeds anonymously.

## CONCLUSION

For the reasons stated herein, Ms. Doe respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety.

Dated: February 27, 2025
      New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
    David E. Gottlieb
    Brooke Payton

85 Fifth Avenue
New York, NY  10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dgottlieb@wigdorlaw.com
bpayton@wigdorlaw.com

*Counsel for Plaintiff*