```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JANE DOE,                                                         :
                                                                  :
                              Plaintiff,                          :   25-CV-01631 (JAV)
                                                                  :
            -v-                                                   :   OPINION AND ORDER
                                                                  :
TAL ALEXANDER AND ALON ALEXANDER,                                 :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff "Jane Doe" filed this suit against Tal and Alon Alexander ("Defendants") under New York's Violation of the Victims of Gender-Motivated Violence Protection Law. ECF No. 1 ("Compl."). At issue is whether Plaintiff can litigate this action under a pseudonym. For the reasons stated below, the motion to proceed under a pseudonym is DENIED.

## BACKGROUND

As alleged in the Complaint, in the summer of 2011, Plaintiff accepted an invitation to meet with Alon and his brother Oren Alexander at their shared apartment. Compl. at ¶¶ 11-12. While socializing with them in the living room, she consumed two alcoholic drinks containing what she now believes to be date rape drugs that diminished her faculties. *Id.* at ¶¶ 14-15. Alon Alexander then proceeded to vaginally rape Plaintiff in one of the bedrooms. *Id.* at ¶¶ 17-23. Following this assault, Defendant Tal Alexander entered the bedroom and also raped her. *Id.* at ¶¶ 24-28.

Defendants were indicted in December 2024 on federal sex trafficking charges. *Id.* at ¶ 37. The indictment states that "from at least in or about 2010, up to and including at least in or about 2021, the Alexander Brothers worked together and with others to engage in sex trafficking, including by repeatedly drugging, sexually assaulting, and raping dozens of female victims." *Id.* at ¶ 38. The criminal case, as well as a number of civil suits that have been brought against Defendants and Oren Alexander, have generated a great deal of media attention. *Id.* at ¶¶ 3, 35-39.

On February 27, 2025, Plaintiff filed a Motion to Proceed Anonymously Pursuant to Fed. R. Civ. P. 10(a). ECF No. 7. Plaintiff's counsel filed a declaration in support of the motion, affirming that Plaintiff's identity had been disclosed to counsel for Tal Alexander, and that Plaintiff was prepared to provide a similar disclosure to Alon Alexander once he had retained counsel. ECF No. 8. No medical or mental health records, or any other evidence, were submitted in support of Plaintiff's motion.

## LEGAL STANDARD

Under Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). A district court has discretion to grant an exception to the "general

2

requirement of disclosure of the names of parties" to allow a party to proceed under a pseudonym. *Id.* at 189 (citation omitted).

The Second Circuit sets forth a "non-exhaustive" list of ten factors that a district court should consider when ruling on a motion to proceed anonymously. *Id.* at 189-90. Under *Sealed Plaintiff*, the factors are:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

3

9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*See id.* at 190 (cleaned up). "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4. "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

## DISCUSSION

### I.  Matters of a Highly Sensitive and Personal Nature

Under the first *Sealed Plaintiff* factor, the Court analyzes whether the litigation involves matters of a sensitive and personal nature. Plaintiff contends that the traumatizing nature of her sexual assault allegations easily meets this test. ECF No. 9 ("Pl. Br.") at 3. The Court agrees that "[a]llegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (quotation omitted). The Court also concurs with Plaintiff that this factor weighs particularly heavily in this case due to the notoriety of Defendants. Plaintiff has a substantial privacy interest in protecting herself from the public scrutiny she will endure if her identity is revealed as an alleged victim of Defendants.

But although this factor weighs in Plaintiff's favor, it is not dispositive. *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019). As Judge Liman recently explained in *Doe 1 v. Branca USA, Inc.*, "a claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously. Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously." No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022). Accordingly, courts in this District have denied similar motions to proceed anonymously in sexual assault cases, *see Doe v. Freydin*, 21 Civ. 8371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (collecting cases), including in cases involving public figures such as Kevin Spacey, Harvey Weinstein, and Sean Combs. *Doe v. Combs*, 23-CV-10628 (JGLC), 2024 WL 863705, at *1 (S.D.N.Y. Feb. 29, 2024). "[T]he threat of significant media attention – however exacerbated by the modern era – alone does not entitle a plaintiff to the exceptional remedy of anonymity." *Rapp*, 537 F. Supp. 3d at 527-28.

## II. Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm

The second and third *Sealed Plaintiff* factors address the harm that would occur from the disclosure of Plaintiff's identity. *See Combs*, 2024 WL 863705, at *3. The relevant inquiry is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Branca,* 2022 WL 2713543, at *2 (citing *Rapp*, 537 F. Supp. 3d at 528-

5

29). A "plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity." *Freydin*, 2021 WL 4991731, at *3 (citing *Doe v. Gong Xi Fa Cai, Inc.*, No. 19 Civ. 2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019)).

Plaintiff does not provide any evidence that she will be, or has been, subjected to any sort of threats or intimidation if her identity were to become known. *See Doe v. Combs*, No. 24-cv-7777 (LJL), 2025 WL 722790, at *2 (S.D.N.Y. Mar. 6, 2025). Although Plaintiff argues that the "likelihood of further psychological injury overcomes any presumption of openness," Pl. Br. at 7, Plaintiff offers no "specific evidence [from a medical expert] predicting that revelation of [Plaintiff's] identity w[ould] likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life." *Branca*, 2022 WL 2713543, at *4 (citing *Doe v. Smith*, 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999)). Without such corroborating evidence, this Court cannot "'speculate' about the nature and severity of any mental injury from disclosure." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020) (quoting *Doe v. Solera Cap. LLC*, No. 18-cv-1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019)). Ultimately, this factor cuts against Plaintiff's request to proceed anonymously.

### III.   Vulnerability and Age of Plaintiff

The fourth *Sealed Plaintiff* factor requires courts to determine "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [her] age." *Sealed Plaintiff*, 537 F.3d at 190. A plaintiff's age

6

is a significant datapoint because "courts have been readier to protect the privacy interests of minors in legal proceedings than of adults." *Combs*, 2025 WL 722790, at *3 (citing *Solera Cap.*, 2019 WL 1437520, at *6). Plaintiff is an adult and does not indicate whether she was a minor at the time of the alleged assault, or what aspect of her age makes her vulnerable to the potential harms of disclosure. This factor does not support Plaintiff's request to proceed anonymously.

### IV. Government Action or Private Action

The Court must also consider "whether the suit . . . challeng[es] the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. "When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." *Solera Cap.*, 2019 WL 1437520, at *6. Defendants here are private individuals, and therefore, this factor weighs against Plaintiff's request to proceed anonymously.

### V. Scope, Extent, and Possible Mitigation of Prejudice to Defendant

Also relevant to this analysis is the prejudice a defendant may face. Specifically, "courts have examined difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously." *Freydin*, 2021 WL 4991731, at *3 (cleaned up).

Plaintiff asserts that "Defendants would not be prejudiced by an anonymous proceeding because Defendants know specifically who filed this lawsuit." Pl. Br. at 5. "Although defendants know who plaintiff is, concealment of plaintiff's identity from the public can still hamper defendants' ability to conduct discovery." *Freydin*,

7

2021 WL 4991731, at *3 (citation omitted).  For example, "persons with information about [Plaintiff] or [her] allegations that would be helpful to the defense but were unknown to the defendant might not come forward."  *Combs*, 2025 WL 722790, at *3 (citation omitted).  "This is especially true . . . in a case like this that happened [over ten years] ago where evidence and witnesses may be difficult to find."  *Id.*

Additionally, by bringing this action, Plaintiff "has put her credibility in issue."  *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).  Defendants are, "therefore, entitled to investigate her background and challenge her allegations and her credibility."  *Doe v. Combs*, No. 24-cv-8054 (MKV), 2024 WL 4635309, at *3 (S.D.N.Y. Oct. 30, 2024) (citing *Shakur*, 164 F.R.D. at 361).

"This asymmetry between the parties not only would prejudice [Defendants], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.'"  *Rapp*, 537 F. Supp. 3d at 531 (cleaned up); *see also Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) (recognizing the prejudice against a defendant when a defendant is "required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity").  This one-sidedness creates a prejudicial imbalance against Defendants.  As in *Freydin*, these accusations are "serious" and "reputation threatening" and have "already garnered significant media attention."  *Freydin*, 2021 WL 4991731, at *3.  Therefore, this factor cuts against Plaintiff's motion.

## VI. Status of Confidentiality in the Proceedings

The seventh *Sealed Plaintiff* factor is whether Plaintiff's identity has been kept confidential. Plaintiff claims that, other than the filing of her civil claims and the disclosure of her identity to Defendants, she has kept the details of this case and her identity confidential. Pl. Br. at 7. Plaintiff also states that she has not publicly spoken to the media about her experiences with Defendants despite the "ample opportunity with the news frenzy surrounding Defendants' recent arrests." *Id.*

"Assuming, arguendo, that [P]laintiff's representation is accurate, this factor weighs in her favor even though [D]efendants know who she is." *Freydin*, 2021 WL 4991731, at *3 (citing *Gong Xi Fa Cai*, 2019 WL 3034793, at *2). While this factor weighs in Plaintiff's favor, however, "the seventh factor is not significant enough to tip the scales." *Id.* (citing *Weinstein*, 484 F. Supp. 3d at 97).

## VII. Public Interest in Litigation Furthered by Disclosure

The Court also finds that the public interest would be furthered by requiring Plaintiff to disclose her identity. "Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser." *Branca*, 2022 WL 2713543, at *2. Therefore "something more is required to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name." *Id.*

9

Plaintiff alleges that "there are still more victims of the [Defendants] who have not yet spoken out" and, if this Court grants her anonymity, then "more women will feel that they are able to come forward." Pl. Br. at 7. The Court agrees that there is a public interest in protecting sexual assault victims so that other victims will not be discouraged from pursing legal actions. But "it does not follow that the public has an interest in maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature." *Branca*, 2022 WL 2713543, at *2 (citing *Rapp*, 537 F. Supp. 3d at 533); *see Freydin*, 2021 WL 4991731, at *4. Otherwise, this factor would, in effect, heavily favor anonymity in every sexual assault case. *See Doe v. Juan Gonzales Agency Corp.*, 21-CV-00610 (PMH), 2022 WL 3100669, at *5 (S.D.N.Y. Aug. 4, 2022); *Weinstein*, 484 F. Supp. 3d at 98. The generalized interest in encouraging sexual assault victims to come forward has been "repeatedly rejected by courts in this District as an adequate basis by itself to warrant anonymity." *Combs*, 2024 WL 863705, at *5 (quoting *Doe v. Telemundo Network Grp. LLC*, No. 22-CV-7665 (JPC), 2023 WL 6259390, at *7 (S.D.N.Y. Sept. 26, 2023)); *see also Rapp*, 537 F. Supp. 3d at 532-33; *Weinstein*, 484 F. Supp. 3d at 98.

It also must be recognized that there is a public interest in "being able to publicly confront an accuser." *Combs*, 2024 WL 863705 at *5. In that same vein, "the public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities." *Doe v. Leonelli*, No. 22-CV-3732 (CM), 2022 WL 2003635, at *4

(S.D.N.Y. June 6, 2022).  Taking the competing interests as a whole, they cut against Plaintiff's request for anonymity.

### VIII. Nature of the Issues

The ninth *Sealed Plaintiff* factor is "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities."  537 F.3d at 190.  Here, there are no abstract questions of law at issue such as "abstract challenges to public policies, but rather . . . particular actions and incidents."  *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 12-cv-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012).

Additionally, cases raising claims of sexual assault "are of the type that 'further the public's interest in enforcing legal and social norms.'" *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408 (citation omitted).  As the court explained in that case, "any analysis and litigation in this case will be factual in nature, and the public interest in sexual assault . . . is very high."  *Id.*  Therefore, this factor weighs against allowing the Plaintiff to proceed anonymously.

### IX. Alternative Mechanisms for Protecting Confidentiality

The Court finds that there are alternative mechanisms that could protect Plaintiff's interest in confidentiality.  *Weinstein*, 484 F. Supp. 3d at 98.  Like the alternative mechanisms proposed in *Weinstein*, Plaintiff could seek to either redact certain sensitive information or seek a protective order.  *Id.*  Accordingly, this factor weighs against Plaintiff's request to proceed anonymously.

11

## CONCLUSION

"Plaintiff's allegations are not to be taken lightly, and her desire to proceed anonymously is understandable and not to be trivialized." *Doe v. Townes*, No. 19-cv-8034, 2020 WL 2395159, at *7 (S.D.N.Y. May 12, 2020). This Court, however, must apply the law to the facts. At bottom, Plaintiff has not effectively rebutted the presumption of public access. The majority of the *Sealed Plaintiff* factors do not weigh in Plaintiff's favor and she has not sufficiently demonstrated that "her "interest in anonymity" outweighs the prejudice to Defendants and "the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Freydin*, 2021 WL 4991731, at *4 (citing *Sealed Plaintiff*, 537 F.3d at 189).

Accordingly, Plaintiff's Motion to Proceed Anonymously is **DENIED**. Given the sensitivity of the allegations in this case, the Court **STAYS** the effect of this Order for seven days to allow plaintiff and her counsel to consider this ruling. *Id.* The Clerk of Court is directed to terminate ECF No. 7.

SO ORDERED.

Dated: March 12, 2025
     New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge