

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

March 14, 2025

<u>VIA ECF</u>

Hon. Jeannette A. Vargas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 703
New York, NY 10007

      Re:    <u>Doe v. Alexander et al.</u>, Case No. 1:25-cv-01631-JAV

Dear Judge Vargas,

We represent Plaintiff Jane Doe ("Plaintiff") in the above-captioned matter and write jointly with Defendants Tal Alexander and Alon Alexander ("Defendants") pursuant to Rule 3(A) of the Court's Individual Rules and Practices in Civil Cases to respectfully request a stay of this action and all interim deadlines pending the outcome of the Second Circuit's forthcoming decisions in <u>Parker v. Tal Alexander et al.</u>, No. 25-487 and <u>Doe v. Black</u>, No. 25-564. The parties agree that the outcome of the <u>Parker</u> and <u>Doe</u> appeals will likely be dispositive of threshold legal issues in the matter at bar which would otherwise be the subject of immediate motion practice.

By way of brief background, Plaintiff asserts a single cause of action against Defendants under the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, *et seq*. ("VGMVPL") which typically has a seven-year statute of limitations. In 2022, the VGMVPL was amended to create a two-year revival window for otherwise time barred claims. In <u>Parker</u>, the district court dismissed plaintiff's VGMVPL claims, holding that the revival amendment upon which the claims relied was preempted by state law. See <u>Parker v. Tal Alexander, et al.</u>, No. 24 Civ. 4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025). An appeal from the Parker decision has been filed with the Second Circuit. In contrast, in <u>Doe</u>, the district court denied a motion to dismiss, finding that the that the VGMVPL was not preempted by state law. See <u>Doe v. Black</u>, No. 23 Civ. 6418 (JGLC), 2024 WL 4335453, at *6 (S.D.N.Y. Sept. 27, 2024). The <u>Doe</u> court has since certified the defendant's request for an interlocutory appeal pursuant to 28 U.S.C. §1292(b), which was also approved by the Second Circuit. Thus, between these two appeals, the Second Circuit will decide whether the revival amendment of the VGMVPL is preempted by state law or not, and such ruling will be binding on this Court. In recognition of the foregoing, and in an effort to avoid the time, expense and judicial resources associated with motion practice and prosecuting and defending this action, the parties agree to stay this action in its entirety pending the outcome of <u>Parker</u> and <u>Doe</u>.



Hon. Jeannette A. Vargas
March 14, 2025
Page 2

In deciding a motion to stay, courts consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See e.g. Finn v. Barney, No. 08 Civ. 2975 (LTS) (KNF), 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008). However, the case law addressing this standard typically involves contested motions, whereas this motion is on consent. Here, neither party is claiming any prejudice attendant to the requested stay and, to the contrary, all parties agree that a stay pending the outcome of the Parker and Doe appeals is in their respective interests and serves judicial economy. Several courts have confirmed that a stay is appropriate where an appellate decision in a separate matter will guide the lower court. See e.g. McCracken v. Verisma Sys., Inc., No. 14 Civ. 6248 (FPG) (MJP), 2020 WL 6280939, at *5 (W.D.N.Y. Oct. 27, 2020) (granting stay where "[t]he Court of Appeals' decision will likely resolve the issue of whether there exists a private right of action under PHL § 18, which will have a significant impact on this case."); Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A., 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (staying proceedings pending determination of similar issue even though it would have been a non-binding decision from a different circuit); Goldstein v. Time Warner New York City Cable Grp., 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998) (staying action where "resolution of that appeal [in another case and circuit] should guide this Court in ruling on one of the key issues in this litigation.")

Finally, Defendants have agreed to accept service of the Complaint subject to an agreed-upon deadline to file their motion to dismiss. The parties respectfully request that, together with the requested stay, Defendants' deadline to respond to the Complaint be held in abeyance and extended to 30 days from the date of the Second Circuit's order in Parker and/or Doe.

We are at the Court's disposal should Your Honor have any questions.

Respectfully submitted,

David E. Gottlieb