```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JANE DOE,                                                         :
                                                                  :
                              Plaintiff,                          :   25-CV-01631 (JAV)
                                                                  :
          -v-                                                     :   OPINION AND ORDER
                                                                  :
TAL ALEXANDER, et al.,                                            :
                                                                  :
                              Defendant.                          :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff "Jane Doe" filed this suit against Tal and Alon Alexander ("Defendants") under New York City's Violation of the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, *et seq.* ("VGMVPL"). ECF No. 1. On March 14, 2025, the parties requested a stay of the instant action pending the outcome of two pending Second Circuit decisions, *Parker v. Tal Alexander et al.*, No. 25-487, and *Doe v. Black*, No. 25-564. The resolution of the *Parker* and *Doe* appeals will clarify whether a revival amendment allowing for a two-year revival period of VGMVPL claims is preempted by state law. As such, the outcome of the two pending Second Circuit appeals could have a dispositive impact on this instant action. For the reasons stated below, this case is **STAYED** until the Second Circuit resolves either *Parker* or *Doe*.

## BACKGROUND

On February 26, 2025, Plaintiff initiated this action against Defendants, alleging one claim under the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, et seq. ("VGMVPL"). ECF No. 1. The VGMVPL establishes a seven-year statute of limitations; however, a 2022 amendment to the VGMVPL provided a two-year revival window

for otherwise time-barred claims. N.Y.C. Admin. Code §§ 10-1105(a). The question of whether the VGMVPL's revival window is preempted by state law is currently before the Second Circuit.

In *Parker v. Tal Alexander, et al.*, No. 24 Civ. 4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025), the district court dismissed plaintiff's VGMVPL claims, holding that the revival window was preempted by state law. Another district court reached the opposite conclusion in *Doe v. Black*, No. 23 Civ. 6418 (JGLC), 2024 WL 4335453, at *6 (S.D.N.Y. Sept. 27, 2024). Appeals have been taken of the decisions in both cases that will likely resolve this threshold legal issue. *See Parker v. Tal Alexander et al.*, No. 25-487 (2d Cir.); *Doe v. Black*, No. 25-564 25-564 (2d Cir.).

"A decision to stay proceedings is one that rests firmly within a district court's discretion." *Poppel v. Rockefeller Univ. Hosp.*, No. 19 Civ. 1403 (ALC), 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Courts in this Circuit consider the following factors in determining whether to enter a stay: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

This Court finds that the balance of interests in this case favors a stay. "Both parties stand to benefit from gaining clarity on the scope of the [VGMVPL] before engaging in

potentially expensive—and uncertain—litigation." *Leslie v. Thompson Reuters Corp.*, No. 22 Civ. 07936 (JHR), 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023) (staying a case pending the resolution of a Second Circuit case which clarified the scope of the Video Privacy Protection Act ("VPPA")). "Regardless of how the Second Circuit rules in [*Parker* and *Doe*], it will likely impact issues pending in this case. But if this Court were to rule now in this action, without the benefit of [] appellate ruling[s] in [*Parker* and *Doe*] it would only result in complicating matters, risking a ruling at odds with [*Parker* and *Doe*], and delaying the resolution of this action still further." *Id.* (citation omitted).

Similarly, a stay would serve the interests of the courts, persons not parties to this litigation, and the public. "[I]t would be an inefficient use of time and resources of the Court and the parties to proceed in light of a pending Second Circuit decision that will significantly impact this litigation." *Leslie*, 2023 WL 6173511, at *2 (citation omitted). Indeed, other Courts in this District have also granted stays of cases which will be impacted by *Parker* and *Doe*. *See, e.g.*, Order Granting Stay, *Doe v. Alexander, et al.*, No. 25-cv-02106- DEH (S.D.N.Y. Apr. 8, 2025), ECF No. 23. Certainly, it would be inefficient for this Court to expend judicial resources and time considering filings and motion practice in this case when a Second Circuit decision that will be binding upon the Court will soon resolve the legal issue.

## **CONCLUSION**

Accordingly, the Clerk of Court is directed to mark this case as STAYED. The parties are directed to file a status report with the Court on July 25, 2025, and every 90 days thereafter. The Clerk of the Court is respectfully directed to terminate ECF No. 18.

SO ORDERED.

Dated: April 25, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge